## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HOLOGIC, INC., a Delaware corporation;  )
and CYTYC SURGICAL PRODUCTS,            )
LLC, a Massachusetts limited liability   )
company,                                )
                                        )
            Plaintiffs,                 )
                                        )
    v.                                  )        C.A. No. 20-295-JFB-SRF
                                        )
MINERVA SURGICAL, INC., a               )
Delaware corporation,                   )
                                        )
            Defendant.                  )

## MEMORANDUM OPINION

## I.    INTRODUCTION

Presently before the court in this patent infringement action is a motion to stay pending

the exhaustion of the appeals in *Hologic, Inc. et al. v. Minerva Surgical, Inc.*, C.A. No. 15-1031-

JFB-SRF filed by defendant Minerva Surgical, Inc. ("Minerva").[1]  (D.I. 60)  For the following

reasons, Minerva's motion to stay is GRANTED.

## II.   BACKGROUND

Hologic, Inc. and CYTYC Surgical Products, LLC (together, "Hologic") initiated this

action in July 2020, alleging infringement of Hologic's U.S. Patent No. 9,095,348 ("the '348

patent") by Minerva's redesigned Endometrial Ablation System ("Redesigned EAS").  (D.I. 1 at

¶¶ 1, 35, 61)  The scope of the relief sought for the alleged infringement is limited to monetary

damages for the five month period the Redesigned EAS was sold before the '348 patent expired

---

[1] The briefing and other filings associated with the pending motion to stay are found at D.I. 61,
D.I. 67, D.I. 68, D.I. 70, D.I. 75, D.I. 76, and D.I. 79.

in November 2018.[2]  (*Id.*)  The scheduling order in this case acknowledges the significant overlap between this action and prior lawsuits between the same parties.  (D.I. 20 at ¶ 2)  In particular, this action bears a substantial relation to *Hologic, Inc. v. Minerva Surgical, Inc.*, C.A. No. 15-1031-JFB-SRF (the "First Action"), which was filed in November 2015 and asserted causes of action for infringement of the '348 patent and U.S. Patent No. 6,872,183 ("the '183 patent")[3] by Minerva's original Endometrial Ablation System.  (D.I. 61, Ex. 8)  The Redesigned EAS features a modified handpiece, but it functions in largely the same manner as Minerva's original Endometrial Ablation System.  (D.I. 68, Ex. 6 at MSIDE000212-16; Ex. 13 at ¶ 14)

In the First Action and parallel *inter partes* review ("IPR") proceedings before the PTAB, Minerva asserted a number of invalidity defenses pertaining to the '348 patent.  These included defenses under 35 U.S.C. § 112 for written description and enablement, as well as prior art defenses such as obviousness-type double patenting and obviousness under 35 U.S.C. § 103.  (D.I. 68, Exs. 1 & 2; D.I. 65, Ex. A at 39-80)  The PTAB denied institution on Minerva's IPR petitions regarding the '348 patent in September 2016, and it denied Minerva's petitions for rehearing in November 2016.  (D.I. 68, Exs. 1-4)  In May 2017, Minerva dropped its prior art-based invalidity defenses and proceeded only on its § 112 defenses for written description and enablement without amending the pleadings or formally withdrawing the prior art-based invalidity defenses.  (D.I. 65, Ex. C at 20-28)

---

[2] Specifically, Hologic seeks damages from the date Minerva first commercialized the Redesigned EAS on June 28, 2018 to the date the '348 patent expired on November 19, 2018. (D.I. 1 at ¶¶ 35, 61)
[3] The '183 patent was invalidated by the PTAB in a December 15, 2017 final written decision. (D.I. 61, Ex. 8 at 6)  The Federal Circuit affirmed the PTAB's final written decision in April 2019.  (*Id.*) (citing *Hologic, Inc. v. Minerva Surgical, Inc.*, 764 F. App'x 873, 881 (Fed. Cir. 2019)).

The court issued its summary judgment ruling in the First Action in June 2018, which rejected Minerva's invalidity defenses on two bases. *See Hologic, Inc. v. Minerva Surgical, Inc.*, 325 F. Supp. 3d 507 (D. Del. 2018).  First, the court held that Minerva's invalidity defenses were barred by the doctrine of assignor estoppel, which "prevents one who has assigned the rights to a patent . . . from later contending that what was assigned is a nullity." *Id.* at 523-25.  Second, the court concluded that Minerva's motion for summary judgment of invalidity lacked merit even if Minerva were not estopped from raising the defenses. *Id.* at 526-27.  On appeal, the Federal Circuit determined that the court did not abuse its discretion in applying assignor estoppel in the First Action. *See Hologic, Inc. v. Minerva Surgical, Inc.*, 957 F.3d 1256, 1267 (Fed. Cir. 2020). The parties dispute whether the Federal Circuit also affirmed the court's decision of no invalidity on the merits of the invalidity defenses.

Minerva appealed the Federal Circuit's ruling on assignor estoppel, and on January 8, 2021, the United States Supreme Court granted Minerva's petition for writ of certiorari. *Minerva Surgical, Inc. v. Hologic, Inc.*, 141 S. Ct. 975 (2021).  Oral argument is scheduled for April 21, 2021, and a decision is expected by the end of June 2021.  (D.I. 61 at 7)

As a result of the substantial overlap between the present action and the First Action, only minimal discovery was exchanged in this case.  Fact discovery closed on December 30, 2020, and expert discovery closed on March 8, 2021.  (D.I. 20 at ¶ 2)  Case dispositive motions were filed on March 22, 2021.  (*Id.* at ¶ 11)  A jury trial is scheduled to begin on August 23, 2021. (*Id.* at ¶ 16)  On January 22, 2021, Minerva filed the pending motion to stay the instant litigation until the Supreme Court issues a decision in the First Action. (D.I. 61)

## III.    LEGAL STANDARD

A court has discretionary authority to grant a motion to stay.  *See Landis v. N. Am. Co.*,

299 U.S. 248, 254-55 (1936); *Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D.

Del. 1990).  Courts consider three factors in deciding how to exercise this discretion: (1) whether

a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether

discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-

movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical

advantage.  *See Am. Axle & Manuf., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021

WL 616992, at *2 (D. Del. Feb. 17, 2021) (citing *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A.

No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019)).

## IV.    DISCUSSION

### A. Simplification of Issues

In support of the motion to stay, Minerva argues that the exhaustion of appeals in the

First Action will likely simplify the issues for trial because the Supreme Court's decision may

cause the Federal Circuit to further address assignor estoppel or the merits of the invalidity

challenges to the '348 patent under § 112.  (D.I. 61 at 10)  According to Minerva, the decision

could impact whether, and to what extent, Minerva can challenge the validity of the '348 patent.

(*Id.* at 11)

In response, Hologic contends that a stay will not simplify the issues for trial because

Minerva already unsuccessfully litigated the validity of the '348 patent on the merits in the First

Action and in the parallel IPR proceedings.  (D.I. 67 at 3-6)  Because the court entered a final

judgment dismissing all of Minerva's invalidity defenses and counterclaims in the First Action,

4

Hologic argues that Minerva's invalidity defenses are subject to claim and issue preclusion even if the Supreme Court eliminates or narrows the doctrine of assignor estoppel. (*Id.* at 6-13)

This factor weighs in favor of a stay because the Supreme Court's ruling may have an impact on future rulings in the case. *See, e.g.*, *Franklin v. Navient Corp.*, C.A. No. 17-1640-RGA, D.I. 64 at ¶¶ 3-4 (D. Del. Apr. 1, 2020) (granting motion to stay pending Supreme Court decision after petition for writ of certiorari was granted). If the Supreme Court upholds the doctrine of assignor estoppel, the ruling will resolve Minerva's invalidity defenses in this action, thereby simplifying the issues for trial. If, on the other hand, the Supreme Court eliminates or narrows the doctrine of assignor estoppel, remand to the Federal Circuit for further consideration of the merits of the invalidity defenses is possible, and it would make little sense to proceed to a jury trial in August 2021 under that scenario. *See Butamax Advanced Biofuels LLC v. Gevo, Inc.*, C.A. No. 11-54-SLR, 2014 WL 12639238, at *1 (D. Del. July 11, 2014) (noting the likelihood that a jury verdict rendered in between the grant of a cert petition and a remand to the Federal Circuit would be negated).

Much of the parties' briefing on this factor is devoted to their dispute regarding whether the Federal Circuit affirmed the District Court's summary judgment decision of no invalidity on the merits, and whether claim or issue preclusion therefore bars Minerva's invalidity defenses. (D.I. 61 at 12-13; D.I. 67 at 3-13; D.I. 70 at 2-7) As a preliminary matter, the nature and scope of the invalidity defenses Minerva plans to pursue in this action will not take shape until after the Supreme Court issues its decision. The operative scheduling order in this case dictates that Minerva's initial invalidity contentions are to be served "after all appeals from the First Action are exhausted." (D.I. 20 at ¶ 2.b.v) Moreover, Hologic has since fully briefed the subjects of claim and issue preclusion in its motion for summary judgment of no invalidity, which is

pending before the assigned District Judge in this action.  (D.I. 95 at 8-20)  Under these circumstances, any determinations by this court on claim preclusion, issue preclusion, or the scope of the Federal Circuit's ruling on invalidity would be premature.

**B.  Stage of Litigation**

Minerva argues that this case is in the early stages because, at the time the motion was filed, fact discovery was not complete and expert discovery had just begun.  (D.I. 61 at 13)  By the time this motion was fully briefed, however, service of expert reports was nearly complete. (D.I. 70; D.I. 80)  The deadlines for fact and expert discovery have now expired, and the parties have filed their case dispositive motions.  (D.I. 20)  In this regard, the case is not in its early stages.

Nonetheless, this factor weighs in favor of a stay.  As previously stated at § IV.A, *supra*, the deadline for Minerva's initial invalidity contentions is thirty days after all appeals from the First Action are exhausted.  (D.I. 20 at ¶ 2.b.v)  Because the invalidity portion of this case is directly tied to the outcome of the appeal to the Supreme Court, this factor weighs in favor of a stay.

**C.  Prejudice**

Minerva alleges that the entry of a stay will not prejudice Hologic because Minerva diligently filed its petition for writ of certiorari nearly three months before the deadline to do so, it moved to stay the case shortly after the Supreme Court granted its petition, the Supreme Court is likely to issue a decision by June 2021, and Hologic seeks only monetary damages.  (D.I. 61 at 16-18)  In response, Hologic contends that a stay would be prejudicial because infringement by the Redesigned EAS would have been litigated in the First Action if not for Minerva's concealment of the commercialization and launch of the redesigned product.  (D.I. 67 at 18-19)

Hologic further argues that staying the case would allow Minerva to continue its efforts to delay resolution on the merits and relitigate invalidity issues that are not properly before the court.  (*Id.* at 19)

If the timing of a motion to stay "appears less focused on facilitating an orderly review of patent claim validity, and more focused on simply disrupting the progression of the non-movant's district court case for disruption's sake, that can weigh against a stay." *Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, 193 F. Supp. 3d 345, 350 (D. Del. 2016). That is not the case in this instance.  Here, Minerva submitted a timely petition for writ of certiorari and filed its motion to stay within two weeks of the Supreme Court granting the petition.  The positions taken by Hologic throughout this litigation confirm that the issues before the court in this case overlap almost entirely with the issues in the First Action.[4]  Accordingly, granting the stay in this case pending resolution of appeals in the First Action would facilitate an orderly review of the validity of the '348 patent.  In contrast, denying the stay would place the District Judge in the position of considering Hologic's invalidity arguments on summary judgment, including assignor estoppel, before the Supreme Court has rendered a decision on the issue. (D.I. 95 at 20)  This factor weighs in favor of Minerva.

On balance, the stay factors weigh in favor of granting Minerva's motion and staying this action until the exhaustion of all appeals in the First Action.

## V.      CONCLUSION

For the foregoing reasons, Minerva's motion to stay the proceedings is GRANTED.  (D.I. 60)  The parties shall jointly inform the court of the outcome of the proceedings before the

---

[4] By way of example, Hologic proposed reusing the expert reports from the First Action in this action in the proposed form of scheduling order, (D.I. 19 at ¶ 2.h), and Hologic re-raised the issue of assignor estoppel in its motion for summary judgment of invalidity in this action, (D.I. 95 at 20).

United States Supreme Court and provide a copy of the opinion no later than one week following the issuance of the opinion.  An Order consistent with this Memorandum Opinion shall issue.

Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Opinion under seal, pending review by the parties.  In the unlikely event that the parties believe that certain material in this Memorandum Opinion should be redacted, the parties shall jointly submit a proposed redacted version by no later than **April 13, 2021**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure."  *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)).  If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within thirty (30) days of the date the Memorandum Opinion issued.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2).  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a).  The objections and responses to the objections are limited to ten (10) pages each. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated:  April 6, 2021

Sherry R. Fallon
United States Magistrate Judge