IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HOLOGIC, INC., a Delaware corporation; )
and CYTYC SURGICAL PRODUCTS, )
LLC, a Massachusetts limited liability )
company, )
                                                 )
            Plaintiffs, )
                                                   )
     v. )               C.A. No. 20-925-JFB-SRF
                                                   )
MINERVA SURGICAL, INC., a )
Delaware corporation, )
                                                   )
            Defendant. )

## MEMORANDUM OPINION

Presently before the court in this patent infringement action is the motion to lift the stay filed by plaintiffs Hologic, Inc. and Cytyc Surgical Products, LLC (together, "Hologic").[1] (D.I. 125) For the following reasons, the motion to lift the stay is GRANTED.

### I. BACKGROUND

Hologic initiated this action in July 2020, alleging infringement of Hologic's U.S. Patent No. 9,095,348 ("the '348 patent") by defendant Minerva Surgical, Inc.'s ("Minerva") redesigned Endometrial Ablation System ("Redesigned EAS"). (D.I. 1 at ¶¶ 1, 35, 61) The scope of the relief sought for the alleged infringement is limited to monetary damages for the five-month period the Redesigned EAS was sold before the '348 patent expired. (Id.) Specifically, Hologic seeks damages from the date Minerva first commercialized the Redesigned EAS on June 28, 2018 to the date the '348 patent expired on November 19, 2018. (Id.)

---

[1] The briefing and other filings associated with the pending motion to lift the stay are found at D.I. 125, D.I. 126, D.I. 127, D.I. 128, D.I. 129, and D.I. 130.

This action is related to *Hologic, Inc. v. Minerva Surgical, Inc.*, C.A. No. 15-1031-JFB-SRF (the "First Action"), which was filed in November 2015 and asserted causes of action for infringement of the '348 patent and U.S. Patent No. 6,872,183 ("the '183 patent")[2] by Minerva's original Endometrial Ablation System. (D.I. 61, Ex. 8) The Redesigned EAS features a modified handpiece, but it functions in largely the same manner as Minerva's original Endometrial Ablation System. (D.I. 68, Ex. 6 at MSIDE000212-16; Ex. 13 at ¶ 14)

In the First Action, Minerva asserted a number of invalidity defenses pertaining to the '348 patent. The court rejected Minerva's invalidity defenses in its June 2018 summary judgment ruling, holding that those defenses were barred by the doctrine of assignor estoppel, which "prevents one who has assigned the rights to a patent . . . from later contending that what was assigned is a nullity." *See Hologic, Inc. v. Minerva Surgical, Inc.*, 325 F. Supp. 3d 507, 523-25 (D. Del. 2018). On appeal, the Federal Circuit determined that the court did not abuse its discretion in applying assignor estoppel in the First Action. *See Hologic, Inc. v. Minerva Surgical, Inc.*, 957 F.3d 1256, 1267 (Fed. Cir. 2020).

Minerva appealed the Federal Circuit's ruling on assignor estoppel to the Supreme Court, which granted Minerva's petition for writ of certiorari. *Minerva Surgical, Inc. v. Hologic, Inc.*, 141 S. Ct. 975 (2021). In June 2021, the Supreme Court issued an opinion vacating the judgment of the Federal Circuit and remanding the case for further proceedings. *See Minerva Surgical, Inc. v. Hologic, Inc.*, 141 S. Ct. 2298 (2021). On remand, the Federal Circuit concluded that the doctrine of assignor estoppel barred Minerva from challenging the validity of

---

[2] The '183 patent was invalidated by the Patent Trial and Appeal Board ("PTAB") in a final written decision on December 15, 2017. (D.I. 61, Ex. 8 at 6) The Federal Circuit affirmed the PTAB's final written decision in April 2019. (*Id.*) (citing *Hologic, Inc. v. Minerva Surgical, Inc.*, 764 F. App'x 873, 881 (Fed. Cir. 2019)).

the '348 patent. *Hologic, Inc. v. Minerva Surgical, Inc.*, 44 F.4th ---, 2022 WL 3269623, at *7 (Fed. Cir. 2022). Minerva filed a petition for rehearing *en banc* with the Federal Circuit on September 9, 2022. (D.I. 128)

Fact discovery in this case closed on December 30, 2020, and expert discovery closed on March 8, 2021. (D.I. 20 at ¶ 2) Case dispositive motions were filed on March 22, 2021. (*Id.* at ¶ 11; D.I. 86; D.I. 90; D.I. 92; D.I. 94; D.I. 98) Briefing on case dispositive motions is not yet complete.

## II.   LEGAL STANDARD

A court has discretionary authority to lift or extend a stay. *See Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016); *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB et al., 2020 WL 6270776, at *2 (D. Del. Oct. 26, 2020). "In determining whether a stay is appropriate in the first instance, our Court typically considers three factors: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Elm 3DS Innovations, LLC v. Samsung Elecs. Co., Ltd.*, C.A. No. 14-1430-LPS-CJB et al., 2018 WL 1061370, at *1 (D. Del. Feb. 26, 2018). When the circumstances justifying the stay change or no longer exist, the court may lift the stay. *Id.*; *see Murata*, 830 F.3d at 1361.

## III.   DISCUSSION

Circumstances have changed in the year and a half since the court entered the stay in this case, and each of the three stay factors now weighs in favor of lifting the stay. First, the issues for trial have been simplified by the Supreme Court's ruling and the Federal Circuit's

determination on remand that Minerva's invalidity challenges to the '348 patent are barred by the doctrine of assignor estoppel. The original decision entering the stay specified that resolution of Minerva's invalidity defenses would simplify the issues for trial. *Hologic, Inc. v. Minerva Surgical, Inc.*, C.A. No. 20-925-JFB-SRF, 2021 WL 7184251, at *3 (D. Del. Apr. 6, 2021). The justification for the stay no longer exists because the Federal Circuit has determined on remand that assignor estoppel bars Minerva's invalidity defenses. *See Hologic*, 44 F.4th ---, 2022 WL 3269623, at *7.

Minerva argues that the status of the issues has not changed since the original stay order because there will be no final resolution of the assignor estoppel issue until the Federal Circuit resolves Minerva's pending petition for rehearing en banc. (D.I. 127 at 1-2) But there is no indication on this record that the Federal Circuit is likely to grant Minerva's petition for rehearing en banc. *See* United States Court of Appeals for the Federal Circuit website, https://cafc.uscourts.gov/home/case-information/case-filings/petitions-for-rehearing-rehearing-en-banc/ (last visited September 7, 2022) (explaining that "[t]he Federal Circuit grants few petitions for rehearing each year. These petitions for rehearing are rarely successful[.]"); *see also* Dan Bagatell, *Fed. Circ. Patent Decisions in 2021: An Empirical Review* (Jan. 6, 2022), https://www.law360.com/articles/1452355 (noting that, "[o]nce again, the court did not hear or decide any patent cases en banc in 2021."). It is too speculative to conclude that extending the stay in this case is likely to simplify the issues for trial. In the event that Minerva's petition for rehearing en banc is granted, Hologic represents that it would agree to reinstate the stay. (D.I. 125 at 4)

Second, this case is in its final stages, with only the completion of briefing on dispositive motions, the pretrial conference, and trial remaining. Fact and expert discovery have been

complete for well over a year. (D.I. 20 at ¶ 2) The advanced stage of the case therefore weighs in favor of lifting the stay. *See Cronos Techs., LLC v. Expedia, Inc.*, C.A. No. 13-1538-LPS et al., 2016 WL 1089752, at *2 (D. Del. Mar. 21, 2016) (finding stage of proceedings weighed against a stay where fact and expert discovery were complete and case dispositive motions had been filed).

The third factor regarding prejudice also weighs in favor of lifting the stay. Although a judgment of infringement in favor of Hologic at trial is not certain,[3] and the scope of damages claimed by Hologic in this matter is limited, Hologic has nonetheless shown that it could be prejudiced by a continuation of the stay in this matter because Minerva's precarious financial situation could limit its ability to pay damages for the alleged infringement if the case is delayed. (*See, e.g.*, D.I. 126, Ex. 1 at 5) (showing "a net loss of $16.5 million during the six months ended June 30, 2022 and . . . an accumulated deficit of $266.1 million as of June 30, 2022."). Therefore, this factor weighs slightly in favor of lifting the stay.

## IV.   CONCLUSION

For the foregoing reasons, Hologic's motion to lift the stay of proceedings is GRANTED. (D.I. 125) This ruling is without prejudice to Minerva to file a motion to reinstate the stay in the event that the Federal Circuit grants Minerva's petition for rehearing en banc. On or before October 25, 2022, the parties shall jointly file a status report of no more than four pages outlining their competing proposals for the completion of briefing on case dispositive motions and a proposed time frame for trial. The court shall hold a status conference on November 1, 2022 at

---

[3] The court finds that lifting the stay is appropriate based on the facts and current procedural status of this case, and this ruling is therefore not inconsistent with the District Judge's recent order in related Civil Action No. 15-1031-JFB-SRF, *Hologic, Inc. v. Minerva Surgical, Inc.*, D.I. 654 (D. Del. Sept. 14, 2022).

2:00 p.m. to address the parties' competing proposals and set further scheduling order deadlines. An Order consistent with this Memorandum Opinion shall issue.

Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Opinion under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Opinion should be redacted, the parties shall jointly submit a proposed redacted version by no later than **September 22, 2022**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within thirty (30) days of the date the Memorandum Opinion issued.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: September 15, 2022

Sherry R. Fallon
United States Magistrate Judge